IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STRINGER, | No. C 06-6299 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| JACOBS & SLAWSKY, | |
| Defendant. | |

On October 6, 2006, plaintiff filed a complaint under 42 U.S.C. § 1983 against defendant "Jacobs & Slawsky." Plaintiff also filed an application to proceed *in forma pauperis*. The complaint stated that plaintiff seeks a jury decision "for deprivation of right in criminal and civil RICO treble and tort relief against former repersent [sic] firm Jacobs & Slawsky for settlement in federal court." The complaint referred to a lawsuit in Georgia that was remanded to state court, and plaintiff attached what appears to be the last page of a remand order dated June 29, 2001. The complaint listed five claims for relief for breach of contract, extortion, "settlement," racial discrimination, and various tort claims. Plaintiff also filed a motion to proceed *in forma pauperis*.

By order filed October 16, 2006, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court held that plaintiff's complaint did not establish any basis for federal jurisdiction, and instructed plaintiff that if he wished to amend the complaint, he must specifically identify the claims asserted and the facts supporting those claims. In addition, the Court noted that if plaintiff intended to allege claims under 42 U.S.C. § 1983, plaintiff must allege facts showing why the defendant law firm was liable under § 1983. In another order filed November 6, 2006, the Court granted

plaintiff an extension of time to amend the complaint, and also noted that because defendant appeared to be a resident of Georgia, this Court would not have jurisdiction over defendant unless defendant had done something in or specifically directed at California.

On November 20, 2006, plaintiff filed a document titled "Disable[d] Petitioner Seek Subpoena Duces Tecum in Full Discovery Leading in the Demand for Jury Trial in Oral Discussion for Monetary Settlement Pursuant to Federal Rule 38." Notwithstanding the title, plaintiff's November 20, 2006 filing appears to be an amended complaint as it sets forth causes of action and lists relief sought. Accordingly, the Court will construe this document as an amended complaint.

The Court concludes that plaintiff has failed to cure the deficiencies in the complaint, and thus that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Liberally construed, the amended complaint alleges both diversity and federal question jurisdiction. With regard to diversity jurisdiction, plaintiff alleges that the amount in controversy is satisfied because plaintiff is seeking $19,000,000 in damages. The precise basis for plaintiff's damages claim is unclear, although the damages appear to stem from a $19,000,000 settlement agreement drafted by plaintiff that defendant apparently did not sign.[1] The Court finds that plaintiff's allegation that there is $19,000,000 in controversy is patently frivolous, and thus does not provide a basis for diversity jurisdiction.

Similarly, plaintiff's complaint does not establish any basis for federal jurisdiction. Plaintiff's amended complaint appears to assert a claim under 42 U.S.C. § 1983. However, the complaint does not contain any allegation that (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Ranker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987). Although the complaint references the Americans with Disabilities Act, there are no allegations that defendant discriminated against plaintiff on the basis of disability. Finally, to the extent the Court can discern the facts giving rise to plaintiff's claims, there does not appear to be any basis for personal jurisdiction over defendant.

Accordingly, plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND pursuant

---

[1] Plaintiff attached to his original complaint a "Monetary Agreement," signed only by plaintiff, stating that plaintiff will receive $19,000,000 in connection with "file no.: 1:00-cv-2214-sbh C-Action suit."

2

to Section 1915(e)(2).  Plaintiff's application to proceed *in forma pauperis* is DENIED as moot.

**IT IS SO ORDERED.**

Dated: November 27, 2006

                                                SUSAN ILLSTON
                                                United States District Judge

**United States District Court**

For the Northern District of California